## A. G. SAFFORD *v.* THE VT. AND CANADA R. R. CO.

### *Attorney. Implied Assumpsit.*

The plaintiff was general attorney for the defendant railroad company, and in that capacity, but under specific directions from its president, he rendered services in several suits and was paid for the same, after he ceased by a tacit understanding to be such general attorney, and without having been employed as a special attorney, and without knowledge on the part of the defendant's agents, except its attorney, who had no authority to employ him, also rendered services of some value in the same suits; *Held*, that the plaintiff was discharged from all employment in the suits, and that he could not recover, even on the ground of implied assumpsit.

BOOK ACCOUNT. Heard on the report of an auditor, September Term, 1886, Chittenden County, TAFT, J., presiding. Judgment *pro forma* for the plaintiff to recover $100. The plaintiff presented an account amounting to $360 for term fees in certain cases pending in the courts of this State and of the United States. The auditor found in part: "At the annual meeting of the defendant company held about the middle of October, 1882, the plaintiff ceased to be such clerk and treasurer (William G. Shaw then being elected to such offices) and thereafter ceased to act as the general attorney of the defendant. He was not discharged as such general attoney by any act of the defendant or any of its officers, but it was the tacit understanding of the parties that he should no longer act as its general attorney."

Exceptions by both parties. The other facts are sufficiently stated in the opinion.

*Wilson & Hall*, for the plaintiff, cited *Langdon* v. *Castleton*, 30 Vt. 285; *Davis* v. *Smith*, 48 Vt. 52.

*Wm. G. Shaw* and *Noble & Smith*, for the defendant, cited 2 Par. Cont. p. 676 ; 1 Wait Act. & Def. 245, 451, 465.

The opinion of the court was delivered by Ross, J.

The plaintiff, as an attorney at law, seeks to recover for services in several suits. For several years before October, 1882, he had been the clerk, treasurer and general attorney of the defendant. The suits in which he has charged for services subsequently to that time, arose while he was such general attorney ; and those denominated amicable suits, were brought by his advice. In October 1882, by tacit understanding he ceased to be such general attorney. It is found that " the services of the plaintiff, in the suits named, prior to October, 1882, were all rendered under his employment as general attorney, but under specific directions from Mr. Brooks, the president of the company. It is not found that such specific directions changed the nature of his employment, nor, that he was ever employed, as a special attorney, in any of the suits. His employment in the suits in which the charges sought to be recovered were made, was therefore that of a general attorney, and when his employment, as general attorney ceased, his employment in the suits, in which his charges are made, also ceased. He could not thereafter properly appear, nor make charges in these suits on the ground of his employment therein. There are strong indications that the plaintiff in October, 1882, so understood it ; for, he did not ask to be allowed to recover in a former suit, where they were recoverable, the first six charges in his present account, which accrued very soon after October, 1882. Nor does he give any reason for not seeking to recover those charges in that suit. Then also, his attachment in his suit of the very stock which the suits in which he has charged, were brought to protect from attachment by his advice, and his retainer in another suit, the legitimate object, and desired result of which was to render the object aimed at by the amicable suits nugatory, cannot well be

Staff.rd *v.* Vermont and Canada R. R. Co.

explained in harmony with an honest belief of further employment in the amicable suits. The discharge of the plaintiff, though tacit, as general attorney, discharged him from further employment in the suits in which his present charges are made, and so far as his actions speak, he then so understood it.

Nor can the plaintiff recover on the ground of implied assumpsit; that he has performed valuable services for the defendant with the defendant's knowledge, and without its objection; for, although upon the findings of the auditor the plaintiff's services would appear to have been of some value to the defendant, it is also found that they were performed without the knowledge of any of the agents of the defendant, except its then general attorney, who so far as is shown was without authority, either to employ or discharge him. These views are conclusive against the plaintiff's right to recover, without considering whether his action, in his own suit, and in accepting a retainer against the defendant in the Langdon suit, one, or both, were so far in conflict with his duty under an employment in the suits in which his charges are made, as to defeat his right to recover.

The judgment of the County Court is reversed, and judgment rendered for the defendant to recover its costs.